UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIFTH THIRD BANK,

            Plaintiff,

v.                                         Civil Case No. 14-11937
                                         Honorable Linda V. Parker

RICHARD C. MERTZ, JR.,
JAMES E. GRIMES, and
GM SPORTS LLC,

            Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Fifth Third Bank ("Fifth Third") initiated this lawsuit against Defendants on May 15, 2014, seeking to recover more than $3.5 million allegedly due under various loan agreements. Fifth Third asserts the following counts in its Complaint: (I) Breach of GM Sports Line of Credit Note by Defendant GM Sports LLC ("GM Sports"); (II) Breach of GM Sports Guaranty by Defendant Richard C. Mertz, Jr. ("Mertz"); (III) Breach of Restated Mertz Note by Mertz; (IV) Breach of Apollo Guaranty by Mertz; (V) Breach of Restated Note by Defendant James E. Grimes ("Grimes"); and (VI) Breach of Apollo Guaranty by Grimes.

On January 13, 2015, Fifth Third filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 23.) Defendants filed a response to the motion on February 6, 2015. (ECF No. 25.) Fifth Third filed a

reply brief on February 23, 2015. (ECF No. 27.) Finding the facts and legal arguments sufficiently presented in the parties' pleadings, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f) on April 14, 2015.

Two days later, based on a settlement agreement between Fifth Third and Grimes, a stipulated order was entered on the docket dismissing Fifth Third's claims against Grimes with prejudice. (ECF No. 30.) On April 24, 2015, a Notice of Automatic Stay was filed in this case, indicating that Mertz had filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan. Thus the only issue before the Court at this time is whether Fifth Third is entitled to summary judgment against GM Sports LLC.[1]

## I.    Factual Background

It is essentially undisputed in this litigation that Fifth Third has negotiated various loan agreements with Defendants over the years which are now in default.

On July 26, 2007, Fifth Third and GM Sports entered into a Business Loan and Security Agreement ("GM Sports Loan Agreement"). Under the GM Sports Loan Agreement, Fifth Third extended a line of credit to GM Sports, as evidenced

---

[1] If the automatic stay pursuant to the Bankruptcy Code is lifted or the bankruptcy petition is dismissed and Fifth Third wishes to renew its motion for summary judgment against Mertz, it shall file a notice in this case, indicating that it is renewing the motion. Unless circumstances change, the Court sees no reason for further pleading with respect to the issue of whether Fifth Third is entitled to summary judgment against Mertz.

by, among other instruments, the Amended and Restated Line of Credit Note dated December 1, 2006, as amended by the First Amendment to Amended Restated Line of Credit Note dated November 1, 2007 (collectively "GM Sports Line of Credit Note").  (Pl.'s Mot., Ex. A ¶ 2.)  The GM Sports Line of Credit Note matured on November 1, 2008, but GM Sports failed to pay Fifth Third the amounts due and owing.

On February 4, 2009, Fifth Third and GM Sports entered into a Forbearance Agreement in connection with GM Sports' obligations to Fifth Third, including the GM Sports Line of Credit Note.  On March 25, 2010, Fifth Third, GM Sports, Mertz, and Grimes entered into an Amended and Restated Forbearance Agreement in connection with GM Sports' obligations to Fifth Third, including the GM Sports Line of Credit Note.  (*Id.* ¶ 3.)  This agreement was amended eight times.  (*Id.*)  Grimes, acting as GM Sports' corporate representative, admitted at his deposition in this matter that GM Sports signed these various loan agreements (hereafter collectively "GM Sports Loan Documents").  (Pl.'s Mot., Ex. D at 9-10, 12-16.)

Pursuant to the terms of the GM Sports Line of Credit Note, Fifth Third could declare the unpaid balance immediately due and payable without notice to the debtor upon a default, as defined by the agreement.  (*Id.*, Ex. A.1 at 2.)  In the GM Sports Line of Credit Note, GM Sports agreed to pay Fifth Third's costs,

expenses, and attorney's fees incurred in legal proceedings related to the GM

Sports Loan Documents.  (*Id*. at 2-3.)

The GM Sports Line of Credit Note matured on April 18, 2014.  (Pl.'s Mot.,

Ex. A ¶ 6.)  GM Sports failed to pay the amounts due by that date, which

constituted an event of default under the terms of the loan.  On April 21, 2014,

Fifth Third sent GM Sports, via Federal Express, a Notice of Default and Demand

for Payment.  (*Id*., Ex. E.)  GM Sports has failed to pay off the GM Sports Line of

Credit Note.  (*Id*., Ex. A ¶¶ 6-7.)

According to Fifth Third, as of January 9, 2015, GM Sports owed the

following amounts on the GM Sports Loan Documents: $135,345.19 in principal,

$5,368.87 in interest, $19.50 per diem in interest every day after that date, plus

Fifth Third's costs and attorney's fees.  (*Id*. ¶ 8.)  Defendants do not dispute Fifth

Third's calculations as to the amounts owed under the loan agreements; however,

they do contest Fifth Third's entitlement to default interest.  (Pl.'s Mot., Ex. D at

24-25; Ex. F at 24-25.)  They acknowledge, however, that the express terms of the

loan documents grant Fifth Third the right to charge default interest.  (*Id*.)

## II.    Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is

appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P.

4

56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact."  *Id*. at 323.  Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence

5

and draw "all justifiable inferences" in the non-movant's favor.  *See Liberty Lobby*, 477 U.S. at 255.

### III.   Applicable Law & Analysis

Under Michigan law, a breach of contract claim (which all of Fifth Third's claims are) requires proof of: (1) the existence of a contract between the parties, (2) the terms of the contract, (3) that the defendants breached the contract, and (4) that the breach caused the injury.  *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815 (6th Cir. 1999).  Fifth Third has established the elements of its breach of contract claim against GM Sports.

In their response to Fifth Third's motion, Defendants asserted four arguments in defense of Fifth Third's claims.  Aside from challenging Fifth Third's right to default interest, none of the arguments raised by Defendants relate to GM Sports' liability.  As indicated earlier, Defendants have acknowledged that Fifth Third is entitled to charge default interest under the express terms of the GM Sports Loan Documents.  Thus GM Sports has presented no defense to Fifth Third's breach of contract claim.  The Court holds that Fifth Third has established GM Sports' contractual liability, including for the amount currently sought, under the loan at issue.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **GRANTED IN PART** in that summary judgment is granted with respect to its breach of contract claim (Count I) against GM Sports;

**IT IS FURTHER ORDERED**, that Fifth Third shall file documentation in support of any attorney's fees and costs sought from GM Sports pursuant to the terms of the loan documents within twenty-one (21) days of the date of this Opinion and Order.  At that time, if requested by Fifth Third, the Court will consider entering a final judgment as to Fifth Third's claim against GM Sports pursuant to Rule 51(b) of the Federal Rules of Civil Procedure.  In that case, Fifth Third also should submit a proposed Judgment setting forth the precise amounts then due and owing by GM Sports.  GM Sports may file a response to Fifth Third's request and proposed judgment within fourteen days of Fifth Third filing its submissions.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 20, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 20, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager